04-CV-01453-CMP



FILED
LODGED ___ ENTERED
___ RECEIVED

JUN 23 2004 MR

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

CASEY INVESTIGATIONS, LLC, a Washington Limited Liability Company and MARIO A. TORRES, an individual,

Plaintiffs,

v.

PRONTO PROCESS SERVICE, INC., a Washington corporation; NORTHWEST RAIL ENTERPRISES, INC., a Washington corporation; MARK OWENS, an individual; GREGORY and MARY LEE RUSTAND, individually and as a married couple; DIANE PEFLEY, an individual; A to Z LEGAL SUPPORT SERVICES, a Washington business entity; ROBERT G. LACK, an individual; WASHINGTON STATE PROCESS SERVERS ASSOCIATION, a Washington business association; and NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS, a national business association,

Defendants.

No. CV04-1453C

COMPLAINT FOR VIOLATIONS OF THE SHERMAN ACT, DEFAMATION, VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT, INTERFERRENCE WITH CONTRACTUAL RELATIONS, AND INTERFERENCE WITH BUSINESS EXPECTANCIES

I.   **PARTIES**

1.1   Plaintiff Casey Investigations, LLC is a limited liability company organized and licensed under the laws of the State of Washington (hereinafter "Casey"). Casey has paid all fees due the State of Washington, has fully complied with all necessary statutory

COMPLAINT – 1

McGLOTHIN MYHRE, P.L.L.P.
1221 East Pike, Suite 205
Seattle, WA 98122
206.527.2500   Fax 206.527.7100

ORIGINAL

provisions, and has otherwise fulfilled all conditions precedent to the maintenance of this action. Casey is in the business of private investigation, process service and messenger service.

1.2 Plaintiff Mario A. Torres (hereinafter "Torres") is an individual residing in Kennewick, Benton County, Washington. Torres is a managing member of Casey.

1.3 Defendant Pronto Process Service, Inc. (hereinafter "Pronto") is a Washington corporation with its principal place of business in Pasco, Franklin County, Washington. Pronto conducts business in Franklin, Benton and Grant Counties.

1.4 Defendant Northwest Rail Enterprises, Inc. (hereinafter "Northwest") is a Washington corporation with its principal place of business in Pasco, Franklin County, Washington. Northwest conducts business in Franklin, Benton and Grant Counties.

1.5 Defendant Mark Owens (hereinafter "Owens") is a single person residing in Kennewick, Benton County, Washington. At all relevant times to this matter, Owens is and was an officer of Pronto and Northwest.

1.6 Defendants Gregory and Mary Lee Rustand both individually and as a marital community (collectively "Rustand") reside in Bellingham, Whatcom County, Washington. On information and belief, Rustand are the sole proprietors of and conduct business as A to Z Legal Support Services (hereinafter "A to Z Legal") in Grant, Benton, Franklin and Whatcom Counties.

1.7 Defendant Diane Pefley (hereinafter "Pefley") runs A to Z Legal in Moses Lake, Grant County, Washington and, on information and belief, is a resident thereof.

1.8 Defendant Robert G. Lack (hereinafter "Lack") is a single person residing in Kennewick, Benton County, Washington.

1.9 Defendant National Association of Professional Process Servers (hereinafter "NAPPS") is a national business association whose principal place of business is outside of the jurisdiction of Washington State, believed to be located in Portland, Oregon. Rustand,

MCGLOTHIN MYHRE, P.L.L.P.
1221 East Pike, Suite 205
Seattle, WA 98122
206.527.2500 Fax 206.527.7100

Owens and other defendants, through their businesses, are members of NAPPS. Rustand is believed to be the current president of this national association.

1.10   Defendant Washington State Process Servers Association (hereinafter "WSPSA") is a Washington business association with direct affiliations to NAPPS. Rustand is believed to be the current president of this association. Rustand, Owens and other defendants, through their respective businesses are members of WSPSA.

## II.   JURISDICTION AND VENUE

2.1   This Court has jurisdiction over the parties based on both diversity between the parties and subject matter jurisdiction under the Sherman Act, 15 U.S.C. § 1, *et seq*.

2.2   Venue is proper in the U.S. District Court, Western District of Washington because one of the defendants resides in Whatcom County, Washington.

## III.   GENERAL ALLEGATIONS

3.1   Plaintiff Torres was an Enforcement Officer with the Washington State Liquor Control Board (hereinafter "WSLCB") and, at relevant times, was stationed at the Kennewick Enforcement Office.

3.2   In his personal time, Torres incorporated and served as a managing member of Casey.

3.3   Casey, among other things, is in the business of process service and messenger service.

3.4   Defendant Lack filed a complaint with the WSLCB. Such complaint contained false accusations against Torres. Lack made such statements knowing they were untrue.

3.5   On or about July 10, 2003, a supervisor with the WSLCB informed Torres that the complaint referred to above had been made against Torres. Such complaint alleged that Torres was using State vehicles to process serve documents while Torres was working on State's time in furtherance of Casey's business.

3.6   Torres denied all allegations contained in that complaint to the WSLCB.

3.7   Defendant Owens contacted Torres' supervisor at the WSLCB and made the false accusation that Torres worked for Casey during State time and using State vehicles. Owens made such statements knowing they were untrue.

3.8   Defendant Pefley contacted Torres' supervisor at the WSLCB and made the false accusation that Torres was accessing the State's database in furtherance of Casey's business, essentially accusing Torres of committing a felony under Washington law. Pefley made such statements knowing they were untrue.

3.9   The WSLCB conveyed its intent to contact all witnesses named in Lack's complaint.

3.10   Such witnesses included many of Casey's customers.

3.11   Torres informed his supervisor at the WSLCB that because of the sensitive nature of the business, Casey's customers would be scared off and Casey would loose business if the WSLCB contacted Casey's clients and informed them that Torres was under investigation.

3.12   As a result, Torres had no choice but to resign from the WSLCB in order to avoid the Board's contacting Casey's clients.

3.13   Defendant Lack also contacted Evergreen Financial Services, which was one of Casey's clients. Defendant Lack made the false accusation that Torres was committing crimes by furthering Casey's business during State time and using State's resources.

3.14   On or about July 10, 2003, Armada Corporation of Kennewick informed Casey that Armada Corporation was terminating its agreement with Casey for process and messenger service in Benton, Franklin and Yakima Counties.

3.15   Armada Corporation terminated the agreement with Casey based on information it had received from Owens that Torres was committing criminal acts.

3.16   Several of Casey's other clients received telephone calls and complaints from Owens, Lack, and Pefley. These telephone calls and complaints contained false and defamatory information concerning Torres.

3.17   Pronto, Northwest, and A to Z Legal are competitors with Casey in the market of process service and messenger service.

3.18   The acts of Defendants were done on behalf of or in furtherance of themselves and Pronto, Northwest, and A to Z Legal.

3.19   The acts of Defendants were done on behalf of or in furtherance of themselves and WSPSA and NAPPS.

## IV.   CAUSES OF ACTION

### First Cause of Action—Violation of the Sherman Act

4.1   Plaintiffs reallege ¶¶ 1.1 through 3.19 and incorporate by reference the same as though fully set forth herein.

4.2   Defendants engaged in a conspiracy affecting interstate commerce that imposes an unreasonable restraint on trade in violation of 15 U.S.C. § 1, *et seq.*

4.3   Defendants contracted, combined or conspired with one another to fix prices for process service and for messenger service.

4.4   Defendants contracted, combined or conspired with one another to force Plaintiffs to join Defendants' business associations or be driven out of business.

4.5   The business of process service and messenger service is involved with interstate commerce because persons or business entities from states other than Washington utilize Washington businesses (including the Plaintiffs and Defendants) for purposes of process service and messenger service.

4.6   Defendants' contract, combination, or conspiracy produced an anticompetitive effect which negatively affected intrastate and interstate commerce, as well as unreasonably

restrained the trade or injured the competition of process service and messenger service businesses.

4.7   Plaintiffs have been harmed in an amount to be proven at trial by Defendants' actions in violation of the Sherman Act, 15 U.S.C. § 1, *et seq.*

### Second Cause of Action - Defamation

4.8   Plaintiffs reallege ¶¶ 1.1 through 4.7 and incorporate by reference the same as though fully set forth herein.

4.9   Defendants Owen, Lack and Pefley made false and defamatory communications to the WSLCB and to Casey's clients concerning Torres and Casey.

4.10   Defendants' false communications to such third parties are not privileged.

4.11   Defendants' actions were in furtherance of and on behalf of themselves, their businesses, their employers, and their business associations.

4.12   Defendants' actions were done with the full knowledge and support of Defendants.

4.13   Torres was forced to leave his job with the WSLCB as a result of Defendants' actions.

4.14   As a direct and proximate result of Defendants' actions, Plaintiffs suffered substantial injury to their reputations, business relations, and business expectancies in an amount to be proven at trial.

4.15   The injuries suffered by Plaintiffs would not have occurred but for the wrongful conduct of Defendants.

### Third Cause of Action - Consumer Protection Act Violation

4.16   Plaintiffs reallege ¶¶ 1.1 through 4.15 above and incorporate by reference the same as though fully set forth herein.

4.17  Defendants engaged in unfair and deceptive acts by defaming or making other false or misleading statements concerning Plaintiffs to the WSLCB and to Plaintiffs' customers.

4.18  Defendants' acts occurred in the conduct of Defendants' trade or commerce.

4.19  Defendants' acts resulted in a negative impact on public interest and policy.

4.20  As a direct and proximate result of Defendants' actions, Plaintiffs suffered substantial injury to their reputations, business relations and business expectancies in an amount to be proven at trial.

**Fourth Cause of Action – Intentional Interference with Contractual Relations**

4.21  Plaintiffs reallege ¶¶ 1.1 through 4.20 above and incorporate by reference the same as though fully set forth herein.

4.22  There existed a valid contractual relationship between Torres and the WSLCB for his employment as an enforcement officer during the times relevant to this lawsuit.

4.23  There existed a valid contractual relationship between Casey and its business customers during the times relevant to this lawsuit.

4.24  Defendants were aware of the contractual relationship between Torres and the WSLCB.

4.25  Defendants were aware of the contractual relationship between Casey and its business customers.

4.26  Defendants intentionally interfered with the contractual relationship between Torres and the WSLCB by lodging false complaints with the WSLCB against Torres.

4.27  As a result of Defendants' acts, the contractual relationship between Torres and WSLCB was terminated.

4.28  Defendants intentionally interfered with contractual relationships between Casey and its business customers by making false and defamatory statements.

COMPLAINT – 7

McGLOTHIN MYHRE, P.L.L.P.
1221 East Pike, Suite 205
Seattle, WA 98122
206.527.2500  Fax 206.527.7100

4.29   As a result of Defendants' acts, the contractual relationships between Casey and its business customers were terminated.

4.30   Defendants' purpose or means of interference were improper.

4.31   As a result of Defendants' acts, Plaintiffs suffered substantial injury to their reputations, business relations and business expectancies in an amount to be proven at trial.

**Fifth Cause of Action – Interference with Business Expectancy**

4.32   Plaintiffs reallege ¶¶ 1.1 through 4.31 above and incorporate by reference the same as though fully set forth herein.

4.33   There existed a business expectancy between Casey and its customers.

4.34   Defendants were aware of the business expectancy between Casey and its customers.

4.35   Defendants intentionally interfered with these business expectancies by making false and defamatory accusations to the WSLCB and to Plaintiffs' customers.

4.36   Such interference ruined Casey's client base and ultimately drove Casey out of business. Defendants' interference was also done in furtherance of Defendants' businesses.

4.37   Defendants' purpose or means of interference was improper.

4.38   As a result of Defendants' acts, Plaintiffs suffered substantial injury to their reputations, business relations and business expectancies in an amount to be proven at trial.

**V.   PRAYER FOR RELIEF**

Now, therefore, Plaintiffs pray for relief as follows:

A.   Trial by Jury;

B.   For judgment and the favor against all Defendants jointly and severally for the acts alleged herein in the amount to be proven at trial;

C.   For a preliminary and permanent injunction requiring all Defendants to refrain from publishing defamatory communications to third persons concerning Plaintiffs;

D.   For general and special damages;

E. For interest on any and all damages as may be provided by statute or law;

F. For attorneys' fees and costs pursuant to RCW 19.86 *et seq.* and otherwise as provided by common law, state statute or federal statute, including the Sherman Act; and

G. For any and all other further relief as the Court may deem just and equitable.

Dated this 22nd day of June, 2004.

McGLOTHIN MYHRE PLLP

*/s/ Dennis J. McGlothin*

Dennis J. McGlothin, WSBA No. 28177
Theodore A. Myhre, WSBA No. 30498
Attorneys for Plaintiffs

COMPLAINT – 9