The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASEY INVESTIGATORS LLC, a Washington Limited Liability Company, and MARIO A. TORRES, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>PRONTO PROCESS SERVICE, INC., a Washington corporation; NORTHWEST RAIL ENTERPRISES, INC., a Washington corporation; MARK OWENS, an individual; GREGORY and MARY LEE RUSTAND, individually and as a married couple; DIANE PEFLEY, an individual; A to Z LEGAL SUPPORT SERVICES, a Washington business entity; ROBERT G. LACK, an individual; WASHINGTON STATE PROCESS SERVERS ASSOCIATION, a Washington business association; and NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS, a national business association,,<br><br>Defendants. | Case No. CV04-1453 C<br><br>**ANSWER TO COMPLAINT** |

COMES NOW Washington State Process Servers Association ("Defendant") and hereby answers the Complaint of Plaintiffs Casey Investigators LLC and Mario A. Torres ("Plaintiffs") as follows:

ANSWER TO COMPLAINT - 1
(CV04-1453 C)

LITTLER MENDELSON, P.C.
Bank of America Tower
701 Fifth Avenue, Suite 6500
Seattle, WA 98104.7097
Phone: 206.623.3300
Fax: 206.447.6965

## I.   PARTIES

1.1   Answering Paragraph 1.1 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies same, except admits, on information and belief, that Plaintiff Casey Investigations, LLC ("Casey") is a limited liability company organized and licensed under the laws of the State of Washington and that Plaintiff Casey is in the business of process service.

1.2   Answering Paragraph 1.2 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies same.

1.3   Answering Paragraph 1.3 of Plaintiffs' Complaint, Defendant admits the allegations therein.

1.4   Answering Paragraph 1.4 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies same.

1.5   Answering Paragraph 1.5 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies same, except admits, on information and belief, that Defendant Mark Owens is a single person and, at all relevant times to this matter, is and was an officer of Defendant Pronto.

1.6   Answering Paragraph 1.6 of Plaintiffs' Complaint, Defendant denies the allegations therein.

1.7   Answering Paragraph 1.7 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies same, except admits that Defendant Pefley participates in managing Defendant A to Z Legal in Moses Lake, Grant County, Washington.

ANSWER TO COMPLAINT - 2
(CV04-1453 C)

LITTLER MENDELSON, P.C.
Bank of America Tower
701 Fifth Avenue, Suite 6500
Seattle, WA  98104.7097
Phone: 206.623.3300
Fax: 206.447.6965

1.8   Answering Paragraph 1.8 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies same.

1.9   Answering Paragraph 1.9 of Plaintiffs' Complaint, Defendant denies the allegations therein, except admits that Defendant National Association of Professional Process Servers is a national business association whose principal place of business is outside of the jurisdiction of Washington State in Portland, Oregon, that Defendants Rustand and Owens are members of NAPPS, and that Defendant MaryLee Rustand is the current president of NAPPS.

1.10   Answering Paragraph 1.10 of Plaintiffs' Complaint, Defendant denies the allegations therein, except admits that it is affiliated with NAPPS to the extent it is a charter member of NAPPS, that Defendant Greg Rustand is the current president of Washington State Process Servers Association, and that Defendants Rustand, Owens, and Pefley are members of WSPSA.

## II.   JURISDICTION AND VENUE

2.1   Answering Paragraph 2.1 of Plaintiffs' Complaint, such paragraph appears to be a legal conclusion for which an answer is not required. To the extent such paragraph is not a legal conclusion and requires an answer, Defendant denies such paragraph.

2.2   Answering Paragraph 2.2 of Plaintiffs' Complaint, such paragraph appears to be a legal conclusion for which an answer is not required. To the extent such paragraph is not a legal conclusion and requires an answer, Defendant denies such paragraph.

## III.   GENERAL ALLEGATIONS

3.1   Answering Paragraph 3.1 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies same.

ANSWER TO COMPLAINT - 3
(CV04-1453 C)

LITTLER MENDELSON, P.C.
Bank of America Tower
701 Fifth Avenue, Suite 6500
Seattle, WA  98104.7097
Phone: 206.623.3300
Fax: 206.447.6965

3.2     Answering Paragraph 3.2 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies same except admits that Torres served as a managing member of Casey.

3.3     Answering Paragraph 3.3 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies same except admits that Casey is in the business of process service.

3.4-3.16     Answering Paragraphs 3.4 through 3.16 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies same.

3.17     Answering Paragraph 3.5 of Plaintiffs' Complaint, Defendant admits that Pronto and A to Z legal are competitors with Casey to the extent they conduct business in the same county. Defendant otherwise denies the allegations of this paragraph.

3.18-3.19     Answering Paragraphs 3.18 through 3.19 of Plaintiffs' Complaint, Defendant denies the allegations as they pertain to Defendant WSPSA. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies same.

## IV.     CAUSES OF ACTION

### First Cause of Action—Violation of Sherman Act

4.1     Answering Paragraph 4.1 of Plaintiffs' Complaint, Defendant incorporates by reference its answers to Paragraphs 1.1 through 3.19.

4.2-4.7 Answering Paragraphs 4.2 through 4.7 of Plaintiffs' Complaint, such paragraphs appear to be legal conclusions for which an answer is not required. To the extent such paragraphs are not legal conclusions and require an answer, Defendant denies such paragraphs.

ANSWER TO COMPLAINT - 4
(CV04-1453 C)

LITTLER MENDELSON, P.C.
Bank of America Tower
701 Fifth Avenue, Suite 6500
Seattle, WA  98104.7097
Phone: 206.623.3300
Fax:  206.447.6965

**Second Cause of Action—Defamation**

4.8     Answering Paragraph 4.8 of Plaintiffs' Complaint, Defendant incorporates by reference its answers to Paragraphs 1.1 through 4.7.

4.9-4.15     Answering Paragraphs 4.9 through 4.15 of Plaintiffs' Complaint, such paragraphs appear to be legal conclusions for which an answer is not required. To the extent such paragraphs are not legal conclusions and require an answer, Defendant denies such paragraphs.

**Third Cause of Action—Consumer Protection Act Violation**

4.16     Answering Paragraph 4.16 of Plaintiffs' Complaint, Defendant incorporates by reference its answers to Paragraphs 1.1 through 4.15.

4.17-4.20     Answering Paragraphs 4.17 through 4.20 of Plaintiffs' Complaint, such paragraphs appear to be legal conclusions for which an answer is not required. To the extent such paragraphs are not legal conclusions and require an answer, Defendant denies such paragraphs.

**Fourth Cause of Action—Intentional Interference with Contractual Relations**

4.21     Answering Paragraph 4.21 of Plaintiffs' Complaint, Defendant incorporates by reference its answers to Paragraphs 1.1 through 4.20.

4.22-4.31     Answering Paragraphs 4.22 through 4.31 of Plaintiffs' Complaint, such paragraphs appear to be legal conclusions for which an answer is not required. To the extent such paragraphs are not legal conclusions and require an answer, Defendant denies such paragraphs.

**Fifth Cause of Action—Interference with Business Expectancy**

4.32     Answering Paragraph 4.32 of Plaintiffs' Complaint, Defendant incorporates by reference its answers to Paragraphs 1.1 through 4.31.

4.33-4.38     Answering Paragraphs 4.33 through 4.38 of Plaintiffs' Complaint, such paragraphs appear to be legal conclusions for which an answer is not required. To the

ANSWER TO COMPLAINT - 5
(CV04-1453 C)

LITTLER MENDELSON, P.C.
Bank of America Tower
701 Fifth Avenue, Suite 6500
Seattle, WA 98104.7097
Phone: 206.623.3300
Fax: 206.447.6965

extent such paragraphs are not legal conclusions and require an answer, Defendant denies such paragraphs.

Any allegations of the Complaint not specifically admitted in the preceding paragraphs are denied.

## V.  ADDITIONAL DEFENSES

BY WAY OF FURTHER DEFENSE AND/OR AFFIRMATIVE DEFENSE, Defendant alleges as follows:

1. <u>Failure to State a Claim:</u>  Plaintiff has failed to state a claim against Defendant upon which relief can be granted.

2. <u>Frivolous Claim:</u>  Plaintiffs' claims against Defendant are frivolous.

3. <u>Good Faith:</u>  Defendant at all times acted in good faith and had reasonable grounds for believing that it had not violated the law.

5. <u>Failure to Mitigate:</u>  Plaintiffs have failed to mitigate their damages, if any, and to protect themselves from avoidable consequences.

6. <u>Contributory Negligence:</u>  If Plaintiffs are damaged or injured as stated in their Complaint, the damages or injuries resulted from Plaintiffs' own fault or negligence which either bars or reduces Plaintiffs' claims.

7. <u>Intervening Acts:</u>  If Plaintiffs are damaged or injured as stated in their Complaint, the damages or injuries are the proximate result of acts of others or intervening acts of others over which Defendant had no control and no legal liability.

8. <u>Justification:</u>  Defendant's acts at all times were justified.

9. <u>Privilege:</u>  Defendant's acts at all times were privileged.

10. <u>Standing:</u>  Plaintiffs lack standing to bring this action against Defendant.

11. <u>Failure to allege special damages:</u>  Plaintiffs' cause of action for defamation is barred by Plaintiff's failure to allege special damages with sufficient particularity.

ANSWER TO COMPLAINT - 6
(CV04-1453 C)

LITTLER MENDELSON, P.C.
Bank of America Tower
701 Fifth Avenue, Suite 6500
Seattle, WA 98104.7097
Phone: 206.623.3300
Fax: 206.447.6965

12. <u>First Amendment Protection</u>: Defendant's acts at all times were within the scope of the First Amendment protection for free speech.

13. <u>Unclean Hands</u>: Plaintiffs' claims are barred as a result of their illegal or inequitable conduct.

14. <u>In Pari Delicto</u>: Plaintiffs' claims are barred as a result of their participation in the alleged wrongful acts.

15. <u>Speculative Injury</u>: Plaintiffs' cause of action is barred because their alleged injury is merely speculative.

16. <u>Reasonable Business Practices</u>: Defendant's acts at all times were reasonable business practices and/or not injurious to the public.

17. <u>Public Interest</u>: Defendant's acts did not negatively impact public interest, they were not a part of a pattern or generalized course of conduct affecting public interest, nor is the public interest in Defendant's acts specific and substantial.

18. <u>No Pattern</u>: Defendant's acts did not constitute a pattern of conduct necessary to establish an unfair act or practice.

19. <u>Preemption</u>: Plaintiffs' state law Consumer Protection Act claim is preempted by federal law.

20. <u>No Unreasonable Restraint on Trade</u>: Any restraint on trade caused by Defendant's acts was not unreasonable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Defendant prays for relief as follows:

1. That Plaintiffs take nothing by their Complaint and that their Complaint be dismissed in its entirety with prejudice;

2. That Defendant be awarded its attorneys' fees and costs pursuant to applicable law, including RCW 4.84.185; and

ANSWER TO COMPLAINT - 7
(CV04-1453 C)

LITTLER MENDELSON, P.C.
Bank of America Tower
701 Fifth Avenue, Suite 6500
Seattle, WA 98104.7097
Phone: 206.623.3300
Fax: 206.447.6965

3.  For such other and further relief as the Court may deem just and proper.

Dated: August 18, 2004

*Andrea Tersigni*
Daniel L. Thieme, WSBA #12855
dthieme@littler.com
Andrea Tersigni, WSBA #30204
atersigni@littler.com
LITTLER MENDELSON
A Professional Corporation

Attorneys for Defendant
WASHINGTON STATE PROCESS
SERVERS ASSOCIATION

ANSWER TO COMPLAINT - 8
(CV04-1453 C)

LITTLER MENDELSON, P.C.
Bank of America Tower
701 Fifth Avenue, Suite 6500
Seattle, WA 98104.7097
Phone: 206.623.3300
Fax: 206.447.6965