**Brian D. Chenoweth, WSBA#25877**
E-mail: brianc@northwestlaw.com
Rycewicz & Chenoweth, LLP
601 SW Second Avenue, Suite 1940
Portland, OR  97204-3154
Telephone:  (503) 221-7958
Facsimile:  (503) 221-2182

    Attorney for Defendant National Association
    of Professional Process Servers (NAPPS)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| **CASEY INVESTIGATIONS, LLC, a Washington Limited Liability Company and MARIO A. TORRES, an individual,**<br><br>                **Plaintiff,**<br><br>       v.<br><br>**PRONTO PROCESS SERVICE, INC., a Washington corporation; NORTHWEST RAIL ENTERPRISES, INC., a Washington corporation; MARK OWENS, an individual; GREGORY and MARY LEE RUSTAND, individually and as a married couple; DIANE PEFLEY, an individual; A to Z LEGAL SUPPORT SERVICES, a Washington business entity; ROBERT G. LACK, an individual; WASHINGTON STATE PROCESS SERVERS ASSOCIATION, a Washington business association; and NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS, a national business association,**<br><br>                **Defendant.** | Case No. CV04-1453 C<br><br>**DEFENDANT NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS' ANSWER TO COMPLAINT** |

National Association of Professional Process Servers ("NAPPS") hereby answers the

Complaint of Plaintiffs Casey Investigators, LLC and Mario A. Torres ("Plaintiffs") as follows:

///

///

///

Page 1 -   **DEFENDANT NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS**
            **SERVERS' ANSWER TO COMPLAINT**

## I. PARTIES

1.1     Answering Paragraph 1.1 of Plaintiffs' Complaint, NAPPS is without knowledge or information sufficient to form a belief as to the truth of the allegation therein and, therefore, denies same, except admits, on information and belief, that Plaintiff Casey Investigations, LLC ("Casey") is a limited liability company organized and licensed under the laws of the State of Washington and that Plaintiff Casey is in the business of process service.

1.2     Answering Paragraph 1.2 of Plaintiffs' Complaint, NAPPS is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies same.

1.3     Answering Paragraph 1.3 of Plaintiffs' Complaint, NAPPS is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies same.

1.4     Answering Paragraph 1.4 of Plaintiffs' Complaint, NAPPS is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies same.

1.5     Answering Paragraph 1.5 of Plaintiffs' Complaint, NAPPS is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies same.

1.6     Answering Paragraph 1.6 of Plaintiffs' Complaint, NAPPS denies the allegations therein.

1.7     Answering Paragraph 1.7 of Plaintiffs' Complaint, NAPPS is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies same.

1.8     Answering Paragraph 1.8 of Plaintiffs' Complaint, NAPPS is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies same.

1.9     Answering Paragraph 1.9 of Plaintiffs' Complaint, NAPPS denies the allegations therein, except admits that NAPPS' principal place of business is in Portland, Oregon, that Defendants Rustand and Owens are members of NAPPS, and that Defendant Mary Lee Rustand is the current president of NAPPS.

1.10    Answering Paragraph 1.10 of Plaintiffs' Complaint, NAPPS is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies same except admits that Defendant Washington State Process Servers Association ("WSPSA") has an affiliation with NAPPS.

## II.  JURISDICTION AND VENUE

2.1     Answering Paragraph 2.1 of Plaintiffs' Complaint, such paragraph appears to be a legal conclusion for which no answer is required.  To the extent such paragraph is not a legal conclusion and requires an answer, NAPPS denies such paragraph.

2.2     Answering Paragraph 2.2 of Plaintiffs' Complaint, such paragraph appears to be a legal conclusion for which no answer is required.  To the extent such paragraph is not a legal conclusion and requires an answer, NAPPS denies such paragraph.

## III.  GENERAL ALLEGATIONS

3.1     Answering Paragraph 3.1 of Plaintiffs' Complaint, NAPPS is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies same.

///

3.2     Answering Paragraph 3.2 of Plaintiffs' Complaint, NAPPS is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies same, except admits that Torres served as a managing member of Casey.

3.3     Answering Paragraph 3.3 of Plaintiffs' Complaint, NAPPS is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies same, except admits that Casey is in the business of process service.

3.4-3.19     Answering Paragraphs 3.4 through 3.19 of Plaintiffs' Complaint, NAPPS is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies same.

## IV.  CAUSES OF ACTION

### First Cause of Action – Violation of Sherman Act

4.1     Answering Paragraph 4.1 of Plaintiffs' Complaint, NAPPS incorporates by reference its answers to Paragraphs 1.1 through 3.19.

4.2-4.7 Answering Paragraphs 4.2 through 4.7 of Plaintiffs' Complaint, such paragraphs appear to be legal conclusions for which no answer is required.  To the extent such paragraphs are not legal conclusions and require an answer, NAPPS denies such paragraphs.

### Second Case of Action – Defamation

4.8     Answering Paragraph 4.8 of Plaintiffs' Complaint, NAPPS incorporates by reference its answers to Paragraphs 1.1 through 4.7.

4.9-4.15     Answering Paragraphs 4.9 through 4.15 of Plaintiffs' Complaint, such paragraphs appear to be legal conclusions for which no answer is required.  To the extent such paragraphs are not legal conclusions and require an answer, NAPPS denies such paragraphs.

///

Page 4 -  **DEFENDANT NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS' ANSWER TO COMPLAINT**

### Third Cause of Action – Consumer Protection Act Violation

4.16   Answering Paragraph 4.16 of Plaintiffs' Complaint, NAPPS incorporates by reference its answers to Paragraphs 1.1 through 4.15.

4.17-4.20   Answering Paragraphs 4.17 through 4.20 of Plaintiffs' Complaint, such paragraphs appear to be legal conclusions for which no answer is required.  To the extent such paragraphs are not legal conclusions and require an answer, NAPPS denies such paragraphs.

### Fourth Cause of Action – Intentional Interference with Contractual Relations

4.21   Answering Paragraph 4.21 of Plaintiffs' Complaint, NAPPS incorporates by reference its answers to Paragraphs 1.1 through 4.20.

4.22-4.31   Answering Paragraphs 4.22 through 4.31 of Plaintiffs' Complaint, such paragraphs appear to be legal conclusions for which no answer is required.  To the extent such paragraphs are not legal conclusions and require an answer, NAPPS denies such paragraphs.

### Fifth Cause of Action – Interference with Business Expectancy

4.32   Answering Paragraph 4.32 of Plaintiffs' Complaint, NAPPS incorporates by reference its answers to Paragraphs 1.1 through 4.31.

4.33-4.38   Answering Paragraphs 4.33 through 4.38 of Plaintiffs' Complaint, such paragraphs appear to be legal conclusions for which no answer is required.  To the extent such paragraphs are not legal conclusions and require an answer, NAPPS denies such paragraphs.

Any allegations in the Complaint not specifically admitted in the preceding paragraphs are denied.

### V.  AFFIRMATIVE DEFENSES

BY WAY OF AFFIRMATIVE DEFENSE, NAPPS alleges as follows:

///

1. <u>Lack of Personal Jurisdiction</u>:  This Court lacks personal jurisdiction over NAPPS.

2. <u>Lack of Authority/Ratification</u>:  If any of the actions alleged in the Complaint took place, which actions are expressly denied, such actions were undertaken without authority of and/or were not ratified by NAPPS.

3. <u>Truth</u>:  If any of the statements alleged in the Complaint were uttered, which utterance is expressly denied, such statements were true.

4. <u>No Malice</u>:  If any of the statements alleged in the Complaint were uttered, which utterance is expressly denied, such statements were made without malice.

5. <u>No Trade or Commerce</u>:  If any of the actions and/or statements alleged in the Complaint took place, which actions and/or statements are expressly denied, they did not occur in the conduct of NAPPS' trade or commerce.

6. <u>Failure to State a Claim</u>:  Plaintiffs have failed to state a claim against NAPPS upon which relief can be granted.

7. <u>Good Faith</u>:  NAPPS at all times acted in good faith and had reasonable grounds for believing that it had not violated the law, which violation it expressly denies.

8. <u>Failure to Mitigate</u>:  Plaintiffs have failed to mitigate damages, if any, and to protect from avoidable consequences.

9. <u>Contributory Negligence</u>:  If Plaintiffs are damaged or injured as stated in the Complaint, the damages or injuries resulted from Plaintiffs' own fault or negligence which either bars or reduces Plaintiffs' claims.

///

///

Page 6 -  **DEFENDANT NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS' ANSWER TO COMPLAINT**

10. <u>Intervening Acts</u>:  If Plaintiffs were damaged or injured as stated in the Complaint, the damages or injuries are the proximate result of acts of others or intervening acts of others over which NAPPS had no control and no legal liability.

11. <u>Justification</u>:  NAPPS' acts at all times were justified.

12. <u>Privilege</u>:  NAPPS' acts at all times were privileged.

13. <u>Standing</u>:  Plaintiffs lack standing to bring this action against NAPPS.

14. <u>Failure to Allege Special Damages</u>:  Plaintiffs' cause of action for defamation is barred by Plaintiffs' failure to allege special damages with sufficient particularity.

15. <u>First Amendment Protection</u>:  NAPPS' acts at all times were within the scope of First Amendment protection for free speech.

16. <u>Unclean Hands</u>:  Plaintiffs' claims are barred as a result of their illegal or inequitable conduct.

17. <u>In Pari Delicto</u>:  Plaintiffs' claims are barred as a result of their participation in the alleged wrongful acts.

18. <u>Speculative Injury</u>:  Plaintiffs' causes of action are barred because their alleged injury is merely speculative.

19. <u>Reasonable Business Practices</u>:  NAPPS' acts at all times were reasonable business practices and/or not injurious to the public.

## VI.  PRAYER FOR RELIEF

WHEREFORE, NAPPS prays for relief as follows:

1. That Plaintiffs take nothing by their Complaint and that their Complaint be dismissed in its entirety with prejudice;

///

     2.       That NAPPS be awarded its attorneys' fees and costs pursuant to applicable law, including RCW 4.84.185; and

     3.       For such other and further relief as the Court may deem just and proper.

Dated:  August 23, 2004.

                                                                                                                           _____
Brian D. Chenoweth, WSBA #235877
brianc@northwestlaw.com
RYCEWICZ & CHENOWETH, LLP
Attorneys for Defendant National Association of Professional Process Servers (NAPPS)