George Fearing #12970
E-mail gfearing@tricitylaw.com
LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 W. Falls Avenue
Kennewick, Washington 99336
Telephone: (509)736-1330
Facsimile: (509)736-1580

Attorneys for Defendant Pronto Process
Service, Inc., Mark Owens and Robert
Lack

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| CASEY INVESTIGATIONS, LLC, a Washington limited liability company and MARIO A. TORRES, an individual,<br><br>        Plaintiffs,<br><br>PRONTO PROCESS SERVICE, INC., a Washington corporation; NORTHWEST RAIL ENTERPRISES, INC., a Washington corporation; MARK OWENS, an individual; GREGORY and MARY LEE RUSTAD, individually and as a married couple; DIANE PEFLEY, and individual; A to Z LEGAL SUPPORT SERVICES, a Washington business entity; ROBERT G. LACK, an individual; WASHINGTON STATE PROCESS SERVERS ASSOCIATION, a Washington business association; and NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS, a national business association,<br><br>        Defendants. | CASE NO.  CV-04-1453 C<br><br>**DEFENDANTS PRONTO PROCESS SERVICE, INC., MARK OWENS, AND ROBERT LACK ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** |

ANSWER

Pronto Process Service, Inc., Mark Owens, and Robert Lack (known collectively as "the Pronto defendants") answer the complaint of the plaintiffs, by using the same paragraph numbering system as used in the complaint.

1.1  The Pronto defendants admit that Casey Investigations engages in the business of

process service.  The Pronto defendants are without sufficient information to affirm of deny the remaining allegations, and, therefore the Pronto defendants deny the remaining allegations.

      1.2.  The Pronto defendants admit that Mario Torres resides in Kennewick, Washington.  The Pronto defendants are without sufficient information to affirm of deny the remaining allegations, and, therefore the Pronto defendants deny the remaining allegations.

      1.3  The Pronto defendants admit the allegations.

      1.4   The Pronto defendants are without sufficient information to affirm of deny the allegations, and, therefore the Pronto defendants deny the allegations.

      1.5  The Pronto defendants deny that Mark Owens is an officer of Northwest.  The Pronto defendants admit the remaining allegations.

      1.6   The Pronto defendants are without sufficient information to affirm of deny the allegations, and, therefore the Pronto defendants deny the allegations.

      1.7  The Pronto defendants are without sufficient information to affirm of deny the allegations, and, therefore the Pronto defendants deny the allegations.

      1.8  The Pronto defendants admit the same.

      1.9  The Pronto defendants are without sufficient information to affirm of deny the allegations, and, therefore the Pronto defendants deny the allegations.

      1.10  The Pronto defendants are without sufficient information to affirm of deny the allegations, and, therefore the Pronto defendants deny the allegations.

      2.1  The Pronto defendants admit the same.

      2.2  The Pronto defendants admit the same.

      3.1  The Pronto defendants are without sufficient information to affirm of deny the allegations, and, therefore the Pronto defendants deny the allegations.

      3.2  The Pronto defendants are without sufficient information to affirm of deny the allegations, and, therefore the Pronto defendants deny the allegations.

      3.3  The Pronto defendants are without sufficient information to affirm of deny the allegations, and, therefore the Pronto defendants deny the allegations.

3.4  The Pronto defendants admit that Robert Lack filed a complaint with the WSCLB. The Pronto defendants deny the remaining allegations.  The accusations were true and Robert Lack knew the accusations to be true.

3.5  The Pronto defendants are without sufficient information to affirm of deny the allegations, and, therefore the Pronto defendants deny the allegations.

3.6  The Pronto defendants are without sufficient information to affirm of deny the allegations, and, therefore the Pronto defendants deny the allegations.

3.7.  The Pronto defendants admit that Mark Owens contacted a supervisor, but the defendants deny the remaining allegations.  No false accusations were made and Mark Owens did not make any statement he knew to be false.

3.8.  The Pronto defendants are without sufficient information to affirm of deny the allegations, and, therefore the Pronto defendants deny the allegations.

3.9  The Pronto defendants are without sufficient information to affirm of deny the allegations, and, therefore the Pronto defendants deny the allegations.

3.10  The Pronto defendants are without sufficient information to affirm of deny the allegations, and, therefore the Pronto defendants deny the allegations.

3.11  The Pronto defendants are without sufficient information to affirm of deny the allegations, and, therefore the Pronto defendants deny the allegations.

3.12  The Pronto defendants are without sufficient information to affirm of deny the allegations, and, therefore the Pronto defendants deny the allegations.

3.13  The Pronto defendants deny the allegations.

3.14  The Pronto defendants are without sufficient information to affirm of deny the allegations, and, therefore the Pronto defendants deny the allegations.

3.15  The Pronto defendants are without sufficient information to affirm of deny the allegations, and, therefore the Pronto defendants deny the allegations.

3.16  The Pronto defendants deny the allegations.

3.17  The Pronto defendants admit the allegations.

3.18  The Pronto defendants deny the allegations.

3.19  The Pronto defendants deny the allegations.

4.1 The Pronto defendants answer this paragraph in the same manner that they answered paragraphs 1.1 to 3.19.

4.2   The Pronto defendants deny the allegations.

4.3  The Pronto defendants deny the allegations.

4.4  The Pronto defendants deny the allegations.

4.5  The Pronto defendants deny the allegations.

4.6  The Pronto defendants deny the allegations.

4.7  The Pronto defendants deny the allegations.

4.8   The Pronto defendants answer this paragraph in the same manner that they answered paragraphs 1.1 to 4.7.

4.9   The Pronto defendants deny the allegations.

4.10  The Pronto defendants deny the allegations.

4.11  The Pronto defendants deny the allegations.

4.12  The Pronto defendants deny the allegations.

4.13  The Pronto defendants deny the allegations.

4.14  The Pronto defendants deny the allegations.

4.15  The Pronto defendants deny the allegations.

4.16  The Pronto defendants answer this paragraph in the same manner that they answered paragraphs 1.1 to 4.15.

4.17  The Pronto defendants deny the allegations.

4.18  The Pronto defendants deny the allegations.

4.19  The Pronto defendants deny the allegations.

4.20  The Pronto defendants deny the allegations.

4.21  The Pronto defendants answer this paragraph in the same manner that they answered paragraphs 1.1 to 4.20.

4.22  The Pronto defendants deny the allegations.

4.23  The Pronto defendants deny the allegations.

4.24  The Pronto defendants deny the allegations.

4.25  The Pronto defendants deny the allegations.

4.26  The Pronto defendants deny the allegations.

4.27  The Pronto defendants deny the allegations.

4.28  The Pronto defendants deny the allegations.

4.29  The Pronto defendants deny the allegations.

4.30  The Pronto defendants deny the allegations.

4.31  The Pronto defendants deny the allegations.

4.32   The Pronto defendants answer this paragraph in the same manner that they answered paragraphs 1.1 to 4.31.

4.33  The Pronto defendants deny the allegations.

4.34  The Pronto defendants deny the allegations.

4.35  The Pronto defendants deny the allegations.

4.36  The Pronto defendants deny the allegations.

4.37  The Pronto defendants deny the allegations.

4.38  The Pronto defendants deny the allegations.

## AFFIRMATIVE DEFENSES

Pronto Process Service, Inc., Mark Owens, and Robert Lack assert the following affirmative defenses:

1.  The Pronto defendants do not believe truth is an affirmative defense, but believe that the plaintiffs must prove the lack of truth in any statement.  Nevertheless, the Pronto defendants allege that any comments of Mark Owens and Robert Lack to third parties were true.

2.  The Pronto defendants do not believe privilege is an affirmative defense, but believe that the plaintiffs must prove the lack of privilege surrounding any statement.  Nevertheless, the Pronto defendants allege that any comments of Mark Owens and Robert Lack to third parties were privileged.

3. The Pronto defendants allege that any comments of Mark Owens and Robert Lack to third parties are protected by the First amendment and Washington law, since the comments involved a public matter. Along these lines, Mark Owens and Robert Lack acted in good faith when uttering any statements.

4. The Pronto defendants allege that the plaintiffs have failed to mitigate their damages.

5. The Pronto defendants allege that the plaintiffs have unclean hands.

WHEREFORE, the Pronto defendants pray for the following relief:

1. For dismissal of the plaintiffs complaint with prejudice;

2. For reasonable attorneys fees and costs as provided by RCW 4.84.185, RCW 19.86, and the Sherman Act; and

3. For such further relief as to the court seems just and equitable.

DATED this 12th day of October, 2004.

> LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
> Attorneys for Pronto Process Service, Inc., Mark Owens, and Robert Lack
>
> s/George Fearing
>
> State Bar Number 12970
> Leavy, Schultz, Davis & Fearing, P.S.
> 2415 West Falls Avenue
> Kennewick, WA 99336
> Telephone: (509) 736-1330
> Fax: (509) 736-1330
> E-mail: gfearing@tricitylaw.com