UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASEY INVESTIGATORS LLC, a Washington Limited Liability Company, and MARIO A. TORRES, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>PRONTO PROCESS SERVICE, INC., a Washington corporation; NORTHWEST RAIL ENTERPRISES, INC., a Washington corporation; MARK OWENS, an individual; GREGORY and MARY LEE RUSTAND, individually and as a married couple; DIANE PEFLEY, an individual; A to Z LEGAL SUPPORT SERVICES, a Washington business entity; ROBERT G. LACK, an individual; WASHINGTON STATE PROCESS SERVERS ASSOCIATION, a Washington business association; and NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS, a national business association,<br><br>Defendants. | The Honorable John C. Coughenour<br><br>Case No. CV04-1453 C<br><br>**MOTION TO COMPEL DISCOVERY RESPONSES OR, IN THE ALTERNATIVE, TO DISMISS ALL CLAIMS AGAINST WSPSA WITH PREJUDICE**<br><br>**Noted for: February 25, 2005** |

Defendant Washington State Process Servers Association ("WSPSA") requests that the Court enter an Order compelling Plaintiffs to fully and completely answer Defendant's First Interrogatories and Requests for Production. (A copy of Plaintiff's response are attached as

**WSPSA'S MOTION TO COMPEL OR
IN THE ALTERNATIVE TO DISMISS**
Case No. CV04-1453 C
Seattle:33793.1 048501.1002

JAMES G. ZISSLER
LITTLER MENDELSON, P.C.
Bank of America Tower
701 Fifth Avenue, Suite 6500
Seattle, WA 98104.7097
206.623.3300

exhibit A to accompanying Zissler Declaration in Support of Motion to Compel). In the alternative, WSPSA moves to dismiss the action.

## I. FACTS

On November 10, 2004, WSPSA served Plaintiffs with First Interrogatories and Requests for Production. See accompanying Zissler Declaration ("Zissler Decl."), ¶ 2. Plaintiffs failed to serve responses within 30 days and did not request an extension. *Id.* On December 29, 2004, undersigned counsel contacted Plaintiff's counsel who assured that answers would be forthcoming "over the next several days." *Id.*, ¶ 3. On January 10, 2005, the undersigned again contacted Plaintiff's counsel. *Id.*, ¶ 4. Answers were finally provided on January 13, 2005. *Id.*, ¶ 5. A FRCP 37 conference was conducted by the parties on January 24, 2005, but was unsuccessful in resolving the dispute. *Id.* ¶ 6.

## II. ARGUMENT AND LEGAL AUTHORITY

### Interrogatory Nos. 2, 3, 4, 5, 6, and 7 and Corresponding Requests for Production

The above referenced interrogatories and requests for production sought the factual basis, and supporting documents, regarding plaintiffs' assertion that various defendants engaged in a "conspiracy," "fixed prices," "forced plaintiff to join defendants' business association," made "false communications," and "acted on behalf of WSPSA." Plaintiffs' "answer" however, to Interrogatory Nos. 2, 3, 4, 5, 6, 7 consisted of the following:

> Objection. This contention Interrogatory is premature under FRCP 33(b). See B. Braun Medical Inc. v. Abbott Laboratories, 155 F.R.D. 525 (USDC E.D. Pennsylvania (1994).

See, Plaintiffs' Responses to WSPSA's Interrogatories and Request for Productions, Exhibit A to Zissler Decl.

Leaving aside that Plaintiffs have waived the right to assert objections by not timely responding, the cited case is inapposite as it states, in sum, that in early stages of discovery some

WSPSA'S MOTION TO COMPEL OR
IN THE ALTERNATIVE TO DISMISS
Case No. CV04-1453 C
Seattle:33793.1 048501.1002

-2-

JAMES G. ZISSLER
LITTLER MENDELSON, P.C.
Bank of America Tower
701 Fifth Avenue, Suite 6500
Seattle, WA 98104.7097
206.623.3300

information may not yet be available. Here, the discovery deadline is February 28, 2005. During the Rule 37 conference, Plaintiffs' counsel indicated that discovery was ongoing and that he "hoped" that information, if any, would be provided prior to the close of discovery. WSPSA finds plaintiffs' response inadequate as the requested information is at the heart of the complaint and should have been known prior to filing suit. For example, if someone "forced" plaintiff Torres to join defendant's business association, Torres should know who forced him, when, and what they said.

By requiring WSPSA to wait until the close of discovery to determine whether Plaintiffs have *any* factual support for the allegations underlying the suit, Plaintiffs preclude WSPSA from having the necessary time to file a motion to compel at that time should the responses not be forthcoming or be inadequate. Consequently, WSPSA is forced to file this motion to protect its interests at this time. Certainly, if Plaintiffs have no facts, the case should be dismissed.

**Interrogatory Nos. 9A, 9B, 10A, 10B, 12A, 13, and
Requests for Production 9A, 9b, 10, 11A, 11B, 12B, 13B, 14, 15 and 18**

Plaintiffs did not object to the above requests but asserted, in sum, that responsive information, if any, would be provided at a later date. Once again, by delaying any substantive response until the close of discovery, (assuming such is served), plaintiffs preclude WSPSA from having sufficient time to file a motion to compel if such is necessary. Thus, WSPSA is forced to file this motion to protect its interests.

### III. CONCLUSION

I personally do not believe that the Court should have to entertain contingent motions such as this one. However, given Plaintiffs' failure to properly respond to discovery

WSPSA'S MOTION TO COMPEL OR
IN THE ALTERNATIVE TO DISMISS
Case No. CV04-1453 C
Seattle:33793.1 048501.1002                    -3-

JAMES G. ZISSLER
LITTLER MENDELSON, P.C.
Bank of America Tower
701 Fifth Avenue, Suite 6500
Seattle, WA  98104.7097
206.623.3300

requests and my obligations to my clients, I do not believe that I have a choice. WSPSA respectfully requests that Plaintiffs be compelled to provide answers to the above referenced Interrogatories and Requests for Production. In the alternative, WSPSA moves that all claims against WSPSA be dismissed on account of Plaintiffs' failure to produce any facts or evidence responsive to WSPSA's requests.

## IV.  PROPOSED ORDER

A proposed order is attached.

February 10, 2005

*[signature]*
Daniel L. Thieme, WSBA #12855
dthieme@littler.com
James G. Zissler, WSBA #30287
jzissler@littler.com
LITTLER MENDELSON, P.C.
Bank of America Tower
701 Fifth Avenue, Suite 6500
Seattle, WA 98104.7097
Phone:     206.623.3300
Fax:          206.447.6965

Attorneys for Defendant
WASHINGTON STATE PROCESS
SERVERS ASSOCIATION

WSPSA'S MOTION TO COMPEL OR
IN THE ALTERNATIVE TO DISMISS
Case No. CV04-1453 C
Seattle:33793.1 048501.1002

-4-

JAMES G. ZISSLER
LITTLER MENDELSON, P.C.
Bank of America Tower
701 Fifth Avenue, Suite 6500
Seattle, WA 98104.7097
206.623.3300